J-S15023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISEAN ORON MCNEIL | : | |
| | : | |
| Appellant | : | No. 644 EDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003970-2015

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 13, 2024**

Appellant Isean Oron McNeil appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that he met the newly discovered fact exception to the PCRA time bar, that his trial counsel was ineffective, and that a search of his vehicle was unconstitutional. We affirm.

The underlying facts and procedural history are well known to the parties. *See Commonwealth v. McNeil*, 1866 EDA 2020, 2022 WL 678960, at *1-2 (Pa. Super. filed Mar. 8, 2022) (*McNeil III*) (unpublished mem.). Briefly, on the evening of May 17, 2015, police received a 911 call about a robbery at a 7-Eleven store by a white man with a gun who was wearing black

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

clothing and had his face covered. The robber took money from the register, the clerk's wallet, and Newport 100 cigarettes. While responding to the 911 call, police observed a white man in black clothing in a vehicle, later identified as Appellant, who was stopped at a traffic light less than one mile from the 7-Eleven store. After stopping the vehicle, police conducted a search and recovered a BB gun, Newport 100 cigarettes, and a large amount of cash.

Appellant was arrested and charged in connection with the robbery and related offenses on May 17, 2015. Prior to trial, Appellant filed an omnibus pre-trial motion seeking to suppress the evidence obtained from the stop and subsequent search of his vehicle, which was ultimately denied. Following a two-day jury trial, Appellant was convicted of robbery and related offenses. On February 5, 2016, the court sentenced Appellant to an aggregate term of ten to twenty years' imprisonment.

On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied further review on January 17, 2018. **See Commonwealth v. McNeil**, 789 EDA 2016, 2017 WL 2536535 (Pa. Super. filed June 12, 2017) (**McNeil I**) (unpublished mem.), *appeal denied*, 178 A.3d 1289 (Pa. 2018) (**McNeil II**). Appellant subsequently filed a timely first PCRA petition, which was ultimately dismissed. This Court affirmed that order on March 8, 2022.[2] **See McNeil III**, 2022 WL 678960, at *1.

_____

[2] Appellant attempted to file two additional PCRA petitions while the appeal from the dismissal of his first PCRA petition was pending. The PCRA court
*(Footnote Continued Next Page)*

- 2 -

Appellant filed the instant PCRA petition, his second, on August 19, 2022. Therein, Appellant argued that the petition was timely because our Supreme Court's decision in **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020) satisfies the newly discovered fact exception to the PCRA's time bar. Appellant's *Pro se* PCRA Pet., 8/19/22, at 4. The PCRA court appointed PCRA Counsel, who filed a no-merit letter and petition to withdraw pursuant to **Turner**/**Finley**[3] on January 4, 2023. On February 17, 2023, the PCRA court dismissed Appellant's PCRA petition without a hearing. **See** PCRA Ct. Order, 2/17/23. The PCRA court granted PCRA Counsel's petition to withdraw on February 21, 2023. **See** PCRA Ct. Order, 2/21/23. Appellant subsequently filed a timely notice of appeal.

On March 27, 2023, the PCRA court ordered Appellant to file a concise statement of issues pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Appellant did not comply, and the PCRA court issued a Rule 1925(a) opinion concluding that Appellant waived any issues for appeal by failing to file a Rule 1925(b) statement. **See** PCRA Ct. Op., 5/5/23, at 2-3. Subsequently, Appellant filed an "application for supersedeas" with this Court, asserting that

_____

properly dismissed those petitions as premature. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (stating that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review").

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

he had never received the PCRA court's Rule 1925(b) order and requesting that this Court remand the matter to the PCRA court for Appellant to file a Rule 1925(b) statement. *See* App. for Supersedeas, 5/18/23, at 2 (unpaginated). This Court issued an order granting Appellant's request on June 20, 2023. Therein, the Court directed Appellant to file a Rule 1925(b) statement and instructed the PCRA court to issue a supplemental Rule 1925(a) opinion addressing Appellant's claims. Both Appellant and the PCRA court complied with this Court's remand order.

On appeal, Appellant presents the following issues:

1. Did the PCRA court err as a matter of law when dismissing Appellant's PCRA petition as untimely in violation of 42 Pa.C.S.[] § 9545(b)[(1)](ii) (newly discovered facts) and ***Commonwealth v. Bradley***, 261 A.3d 381[ (Pa. 2021)]; ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000) (first opportunity to raise ineffective assistance of PCRA counsel[),] 42 Pa.C.S.[] § 9545(b)(2)?

2. Was Appellant denied his right to effective assistance of counsel as protected by Article I, Section 9 of the Pennsylvania Constitution and [the] Sixth Amendment to the United States Constitution?

3. Was Appellant's constitutional rights as protected by Article I, Section 8 of the Pennsylvania Constitution and the Fourth and Fourteenth Amendments to the United States Constitution violated where the stop and search of Appellant's vehicle was illegal and evidence was illegally seized?

Appellant's Brief at 5 (some formatting altered).

In his first issue, Appellant argues that the PCRA court erred in dismissing his PCRA petition as untimely. Appellant argues that our Supreme

Court's decision in **Alexander**[4] satisfies the newly discovered fact exception to the PCRA's one-year time bar. **Id.** at 11-12. Appellant contends that he timely filed the instant PCRA petition because he could not have filed it earlier while a prior appeal was pending. **Id.** at 10-11 (citing, *inter alia*, **Lark**, 746 A.2d at 588). Lastly, Appellant claims that his PCRA counsel rendered ineffective assistance by filing a **Finley** letter. **Id.** at 11-13.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014); **see also Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or

_____

[4] In **Alexander**, the Pennsylvania Supreme Court reaffirmed that "the Pennsylvania Constitution requires both a showing of probable cause and exigent circumstances to justify a warrantless search of an automobile." **Alexander**, 218 A.3d at 181 (overruling **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014) (plurality)).

subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. **See id.** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[5] It is the petitioner's "burden to

---

[5] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a PCRA petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915) (eff. Dec. 24, 2018). The amendment
*(Footnote Continued Next Page)*

allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that the petitioner "take reasonable steps to protect his own interests." ***Id.*** (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. ***Id.*** The focus of this exception is on newly discovered facts, not on newly discovered or newly willing sources that merely corroborate previously known facts or previously raised claims. ***See id.***

Our Supreme Court has held that "judicial determinations do not satisfy the newly discovered fact exception because an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events." ***Commonwealth v. Reid***, 235 A.3d 1124, 1146 (Pa. 2020) (citations omitted and formatting altered). However, "[t]he events that prompted the analysis, which must be established by presumption or

_____

applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

evidence, are regarded as fact." **Id.** (citations omitted and formatting altered). "[S]ubsequent decisional law does not amount to a new fact under Section 9545(b)(1)(ii) of the PCRA." **Id.** at 1147 (citation omitted and formatting altered).

In **Bradley**, our Supreme Court held that PCRA petitioners may "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." **Bradley**, 261 A.3d at 405. Subsequently, this Court explained that "[n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023).

Here, Appellant's petition is facially untimely because it was filed more than one year after his sentence became final in 2018. **See** 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant was required to prove one of the exceptions to the PCRA time bar. **See id.**

In concluding that Appellant failed to establish a timeliness exception, the PCRA court explained:

> [Appellant] bases the exception to the time bar in Claim #1 of his 1925(b) statement on his assertion that the **Alexander** case was a "newly discovered fact." Case law is not a newly discovered "fact." **Compare Commonwealth v. Reid**, 235 A.3d 1124, 1146 (Pa. 2020) (citation omitted) ("[J]udicial determinations do not satisfy the newly discovered fact exception because an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.").

- 8 -

> Nonetheless, even if the **Alexander** case was considered a "fact" unknown to appellant, the **Alexander** case does not provide PCRA relief for Appellant.

PCRA Ct. Op., 11/16/23, at 4.

Following our review of the record, we agree with the PCRA court that Appellant has failed to meet the newly discovered fact exception based on **Alexander** because a judicial determination is not a "fact."[6]  **See Reid**, 235 A.3d at 1146-47.  Further, Appellant's reliance on **Bradley** is misplaced because **Bradley** does not provide a basis to overcome the PCRA's one-year time bar.  **See Stahl**, 292 A.3d at 1136.  Because neither **Alexander** nor Appellant's claim of PCRA counsel's ineffectiveness can satisfy the newly-discovered fact exception, Appellant's argument that he complied with Section 9545(b)(2) by filing instant PCRA petition after his prior appeal had been resolved is meritless.  For these reasons, we affirm the PCRA court's order dismissing Appellant's PCRA petition as untimely.

Order affirmed.  Jurisdiction relinquished.

---

[6] In his brief, Appellant also claims that **Alexander** is "retroactive." Appellant's Brief at 11-12.  However, Appellant did not include his claim that the instant PCRA petition is timely under 42 Pa.C.S. § 9545(b)(1)(iii) in either his Rule 1925(b) statement or in the statement of questions involved in his appellate brief.  Therefore, it is waived.  **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/13/2024